BOWEN, Judge,
concurring specially.
I concur only in the result reached by the majority in Part I of its opinion holding that the standards of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), do not extend to “gender based” peremptory strikes and that the prosecutor’s arbitrary use of peremptory strikes against female venirepersons is not unconstitutional. My concurrence is not because I agree with the majority’s holding but because a dissent is a futile gesture. In Ex parte Bankhead, 585 So.2d 112 (Ala.1991), a majority of the Alabama Supreme Court held that “the defendant’s group identity must correlate with the identity of the group excluded from the jury in order to establish an equal protection claim.” Under Bankhead, Fisher, who is a male, has no standing to object to the prosecutor’s arbitrary use of his peremptory strikes against females in the selection of the jury.